IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. GURPREET MAUR, M.D., <br><br>Plaintiff, <br><br>v. <br><br>ELIE HAGE-KORBAN, M.D., DELTA CLINICS, PLC d/b/a THE HEART and VASCULAR CENTER OF WEST TENNESSEE, COMMUNITY HEALTH SYSTEMS, INC., KNOXVILLE HOLDINGS, LLC d/b/a TENNOVA HEALTHCARE, JACKSON HOSPITAL CORPORATION d/b/a REGIONAL HOSPITAL OF JACKSON, and DYERSBURG HOSPITAL COMPANY, LLC, d/b/a DYERSBURG REGIONAL MEDICAL CENTER, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:17-cv-01079-STA-jay |

**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL
ORIGINAL COMPLAINT (ECF NO. 1)**

Before the Court is Plaintiff/Relator's ("Plaintiff") Unopposed Motion to Seal Original Complaint, which was filed on August 13, 2019. (ECF No. 28.) For the reasons that follow, the Motion is **GRANTED**.

BACKGROUND

On April 25, 2017, Plaintiff filed suit alleging that Defendants violated the False Claims Act when they billed government insurance for unnecessary cardiac testing. (ECF No. 1.) In support of Plaintiff's allegations, he lists information pertaining to five patients, including each

1

patient's individual identifying Medical Record Number ("MRN"). Pursuant to statute, the original Complaint was filed under seal.

On April 29, 2019, the United States of America declined to intervene in this action. Pursuant to the Court's Order (ECF No. 24), the original Complaint was unsealed on April 30, 2019, consequently making the patients' MRNs publicly available.

Following the Court's Order (ECF No. 24), Plaintiff amended his Complaint to include additional information.[1] In the Amended Complaint, the patients' MRNs were omitted, with initials in their stead. (ECF No. 25.) The Amended Complaint is not under seal. (*See id.*) Accordingly, Plaintiff asks the Court to seal the original Complaint—which, upon the filing of the Amended Complaint, is no longer pertinent—containing the patients' MRNs. (ECF No. 28.) Defendants do not oppose Plaintiff's Motion. (*Id.*)

## ANALYSIS

Courts have long recognized a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d 1165, 1179 (6th Cir. 1983). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Even if the motion to seal records is unopposed, the Court must nevertheless set forth "specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

---

[1] Plaintiff also made several stylistic, formatting, and non-substantive changes.

In deciding whether to seal the Complaint, the Court must consider (1) the public's interest in the litigation subject matter, (2) whether the information sought to be sealed is required by statute to be maintained in confidence, and (3) innocent third parties' privacy interests. *Shane Group, Inc.*, 825 F.3d at 305-08. The Court will address each in turn.

As to the first factor, the public has great interest in the allegations against Defendants. Plaintiff alleges that a physician and multiple healthcare providers in west Tennessee submitted false claims to government insurance programs for wholly unnecessary testing. (ECF Nos. 1 and 25.) These allegations do not only concern those who have undergone such testing: they concern all citizens who, through their tax dollars, fund government insurance programs.

Sealing the original Complaint, however, would not preclude the public from learning of the allegations against Defendants. The Amended Complaint—which is not sealed—contains the same allegations. Furthermore, the Amended Complaint provides more information than the original Complaint, as the Amended Complaint includes several exhibits not attached to the original Complaint. Because the information is readily available to the public through the Amended Complaint, the public's interest in accessing the original Complaint is de minimis.

As to the second and third factors, the Court looks to HIPAA. "HIPAA embodies Congress' recognition of 'the importance of protecting the privacy of health information in the midst of the rapid evolution of health information systems.'" *Wade v. Vabnick-Wener*, 922 F. Supp. 2d 679, 687 (W.D. Tenn. 2010) (quoting *South Carolina Med. Assoc. v. Thompson*, 327 F.3d 346, 348 (4th Cir. 2003)). HIPAA protects from unauthorized disclosure "individually identifiable health information," defined as "any information, including demographic information collected from an individual, that . . . is created or received by a health care provider . . . [and] relates to the past, present, or future physical or mental health or condition of an individual, the provision of

health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and . . . identifies the individual[.]" 42 U.S.C. § 1320d(6); *see* 45 C.F.R. § 160.103.

Here, the MRNs connected to the pertinent medical information fall under HIPAA's umbrella of protected private information. In Plaintiff's Amended Complaint, the patients' MRNs are exchanged for initials, and the identifying information in the attachments is redacted. (*Compare, e.g.*, ECF No. 25 at 20 *with* ECF No. 1 at 19.) In light of HIPAA and the patients' privacy interest, the Court finds no reason for the MRNs to be publicly available in the unsealed original Complaint.

## CONCLUSION

For the foregoing reasons, the Court finds that the interests served in sealing the original Complaint are compelling. The Court's findings and conclusions justify nondisclosure to the public. The Amended Complaint (ECF No. 25) remains available. Therefore, the Motion is **GRANTED**. The original Complaint (ECF No. 1) shall remain[2] under seal.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 26, 2019.

---

[2] Pursuant to Plaintiff's Counsel's request, the original Complaint was sealed on August 1, 2019, pending the Court's determination.